| .SAUNDERS, J.,
dissents.
As stated by the majority, this ease comes to us on remand from the supreme court. In our opinion on the original appeal of the matter we held that Mr. Hayes was not entitled to attorney fees based on the defendant’s discontinuance of vocational rehabilitation. In that opinion we stated, “the employer is required to prove that the job was available to the employee in either 'the employee’s or employer’s community or reasonable geographic region’.” Haynes v. Williams Fence and Aluminum, 01-0026, p. 27 (La.App. 3 Cir. 7/25/01), 805 So.2d 215, 232.
The supreme court addressed this specific issue with respect to Mr. Haynes’ case in Haynes v. Williams Fence and Aluminum, 02-0439, 02-0442, 02-0478, pp. 20-21 (La.1/14/03), 836 So.2d 14, 28, where it stated:
La.Rev.Stat. Ann. § 23:1221(3)(c)(i) provides that for purposes of determining supplemental earnings benefits it is appropriate to consider employment that is “proven available to the employee in the employee’s or employer’s community or reasonable geographic region.” Accordingly, as regards supplemental *971 earnings the inquiry must focus on employment shown available in either the employee’s or the employer’s geographic area.
On the other hand, La.Rev.Stat. Ann. § 23:1226(B)(2) provides that for purposes of rehabilitation services, “[wjhen-ever possible, employment in a worker’s local job pool must be considered and selected prior to consideration of employment in a worker’s statewide job pool.” Accordingly, for purposes of vocational rehabilitation, it is the duty of the vocational rehabilitation consultant to examine the job |2pool in the worker’s geographic area. The goal of rehabilitation services is to return a disabled worker to work as soon as possible after an injury occurs. La.Rev.Stat. Ann. § 23:1226(B)(1). To effectuate this goal La.Rev.Stat. Ann. § 23:1226(B)(1) lists prioritized options, the first two of which are to return the worker to the same position or a modified position. In the present case, these first two prioritiza-tions were no longer appropriate options because of the passage of time since the date of injury and because financial circumstances required Haynes to relocate a significant distance from the place of his former employment.
The majority finds that, due to the legislature’s use of the disjunctive “or” in La. R.S. 23:1221(3)(c)(i), the employer was not arbitrary and capricious in refusing to assist Mr. Haynes in finding employment in the Breaux Bridge geographic region.
The majority’s opinion is in direct contradiction to the supreme court’s holding cited above, which specifically addressed the issue of Mr. Haynes’ request for attorney fees for the arbitrary and capricious discontinuance of vocational rehabilitation services in this matter. In addition to the reasons cited by the supreme court, it is quite simply unreasonable for the defendant to force Mr. Haynes to find employment in the Pineville region after his relocation to Breaux Bridge. Despite the fact that the statute provides for employment in either community, it seems clear that Williams Fence was utilizing a technicality of the statutory language to escape it’s legal obligation to assist Mr. Haynes in finding employment. This is a clear example of the arbitrary and capricious behavior specifically addressed by La.R.S. 23:1202.2, and which requires payment of attorney’s fees.
In any event, it seems clear that legislative intent and the dictates of equity all require an reversal of the trial court on this issue. Accordingly, I respectfully dissent.